**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **MICHAEL D. COHEN,** <br><br> Petitioner, <br><br> -against- <br><br> **UNITED STATES OF AMERICA;** **MICHAEL CARVAJAL,** Director of the Federal Bureau of Prisons, <br><br> Respondents. | 1:20-CV-10807 (JGK) <br><br> 1:20-CV-10833 (JGK) <br><br> <u>ORDER TO ANSWER</u> <br> <u>28 U.S.C. § 2241</u> |

**JOHN G. KOELTL**, **United States District Judge**:

Michael D. Cohen, who appears <u>pro se</u>, is a federal prisoner who is currently serving his sentences in home confinement. In <u>Cohen v. United States</u>, 1:20-CV-10807 ("<u>Cohen I</u>"), Cohen seeks mandamus and unspecified <u>habeas corpus</u> relief in challenging the Federal Bureau of Prisons's ("BOP") refusal to grant him sentence credit. In <u>Cohen v. United States</u>, 1:20-CV-10833 ("<u>Cohen II</u>"), he specifically seeks <u>habeas corpus</u> relief under 28 U.S.C. § 2241 in challenging the BOP's same refusal to grant him sentence credit.[1]

A petition for a writ of <u>habeas corpus</u> brought under 28 U.S.C. § 2241 is the proper vehicle for the relief Cohen seeks in both actions. <u>See</u> <u>Carmona v. BOP</u>, 243 F.3d 629, 632 (2d Cir 2001); <u>Chambers v. United States</u>, 106 F.3d 472, 474-75 (2d Cir.

---

[1] Cohen filed <u>Cohen I</u> and <u>Cohen II</u> on the same date, December 21, 2020, and has paid the relevant fees to bring both actions.

1997); Frazer v. Petrucci, 19-CV-0865 (JGK), 2019 WL 5887302, at *2 (S.D.N.Y. Nov. 8, 2019). Because Cohen seeks mandamus and unspecified habeas corpus relief in Cohen I and § 2241 habeas corpus relief in Cohen II, the Court dismisses Cohen I without prejudice to the relief Cohen seeks in Cohen II.[2]

## CONCLUSION

The Clerk of Court shall mail a copy of this order to Cohen and note service on the docket. The Court dismisses Cohen v. United States, 1:20-CV-10807, without prejudice to the relief Cohen seeks in Cohen v. United States, 1:20-CV-10833. The Clerk of Court is directed to close Cohen, 1:20-CV-10807.

The Court, having examined the petition filed in Cohen, 1:20-CV-10833, which Cohen filed pursuant to 28 U.S.C. § 2241, hereby ORDERS that:

The Clerk of Court shall electronically notify the Civil Division of the U.S. Attorney's Office for the Southern District of New York that this order has been issued.

Within sixty days of the date of this order, the U.S. Attorney's Office shall file an answer or other pleading in

---

[2] District courts generally grant a pro se litigant an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. See Hill v. Curcione, 657 F.3d 116, 123-24 (2d Cir. 2011); Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988). Here, the Court denies Cohen leave to file an amended complaint in Cohen I as it would be futile.

response to the petition filed in Cohen, 1:20-CV-10833. The Petitioner may file reply papers, if any, within thirty days from the date he is served with Respondents' answer or other pleading.

Because the pleading in Cohen, 1:20-CV-10807, makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. Cf. Coppedge v. United States, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

**SO ORDERED.**

**January 14, 2021**
**New York, New York**

/s/ John G. Koeltl
**JOHN G. KOELTL**
**United States District Judge**