UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL D. COHEN,

          Petitioner,

v.

UNITED STATES OF AMERICA, MICHAEL CARVAJAL, Director of the Federal Bureau of Prisons,

          Respondents.

20 Civ. 10833 (JGK)

## DECLARATION OF NICOLE GULLIVER

I, NICOLE GULLIVER, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury as follows:

1. I am a Case Manager with the Federal Bureau of Prisons ("BOP"), Federal Correctional Institution, Otisville, New York ("FCI Otisville"). I have been a Case Manager at FCI Otisville since December 2011. I make this Declaration in connection with the BOP's response to the petition for writ of habeas corpus filed by Michael Cohen ("Mr. Cohen"), Register Number 86067-054.

2. I am aware that Mr. Cohen alleges he is eligible for Earned Time Credit ("ETC") under the First Step Act ("FSA") due to a number of courses and work completed while incarcerated. As his Case Manager, I am involved in Mr. Cohen's Risk and Needs Assessment and assignment of relevant programs and activities in accordance with the FSA.

3. On November 27, 2019, Mr. Cohen was found to be eligible to earn ETCs under 18 U.S.C. § 3632(d), meaning he did not have a disqualifying offense under the statute.

4.      On November 27, 2019, and again on May 3, 2020, Mr. Cohen's Risk Assessment was conducted and he was determined to be a minimum risk for recidivism.

5.      With respect to the needs assessment, the BOP has listed the following needs to be assessed for each inmate: Anger/Hostility, Finance/Poverty, Antisocial Peers, Medical, Cognitions, Mental Health, Dyslexia, Recreation/Leisure/Fitness, Education, Substance Abuse, Family/Parenting, Trauma, and Work.  I have attached as Exhibit A a true and correct copy of the Memorandum for All CEOs, dated November 2019, which discusses the needs assessment.

6.      It was determined that Mr. Cohen did not have a need in any category.  I have attached as Exhibit B a correct copy of Mr. Cohen's inmate profile, which reflects needs assessments of Mr. Cohen in some of the areas, including anger/hostility, antisocial peers, medical, cognitions, mental health, and trauma.  Other needs assessments of Mr. Cohen, which were conducted at intake or at another time, are not reflected in the inmate profile, including finance/poverty, dyslexia, recreation/leisure/fitness, education, substance abuse, family/parenting, and work.

7.      In order for an inmate to receive ETCs under the FSA, an inmate must successfully complete one of the BOP-approved Evidenced Based Recidivism Reduction ("EBRR") programs or Productive Activities ("PA") related to one of the particular needs assigned to that inmate.  The FSA only makes available ETCs for EBRR programs and PAs assigned and completed after January 15, 2020.  I have attached as Exhibit C a true and correct copy of a document listing the EBRR programs and PAs.

8.      Mr. Cohen completed Doing Time with the Right Mind.  However, this course is not identified as a PA or EBRR program.  *See* Ex. C.  I have attached as Exhibit D a true and

correct copy of Mr. Cohen's Inmate Education Data Transcript.  I have attached as Exhibit E a true and correct copy of Mr. Cohen's Certificates of Completion.

9. Mr. Cohen completed Drug Education: Freedom from Drugs, which is identified as a PA.  *See* Exs. C, E.  However, Mr. Cohen did not have a need in the area of substance abuse, and he completed the class in August 2019, prior to it being eligible as a PA.

10. Mr. Cohen completed the Victim Impact program, which is identified as a PA.  *See* Exs. C, E.  However, Mr. Cohen did not have a need in the area of cognitions, and he completed the program in November 2019, prior to it being eligible as a PA.

11. Mr. Cohen completed Intervention 2 in February 2020.  *See* Ex. E.  However, this is not identified as a PA or EBRR program.  *See* Ex. C.

12. Mr. Cohen completed the Threshold Program in March 2020, which is identified as an EBRR program.  *See* Exs. B, C.  However, Mr. Cohen did not have a need in the area of family/parenting.

13. I understand that Mr. Cohen alleges he completed a Business Startup course.  BOP has no record that Mr. Cohen completed a Business Startup course as he claims.  In any event, this course is not identified as a PA or EBRR program.  *See* Ex. C.

14. I understand that Mr. Cohen has submitted a certificate to BOP indicating that he completed a Positive Mental Attitude course.  However, this course is not identified as a PA or EBRR program.  *See* Ex. C.

15. I understand that Mr. Cohen has submitted a certificate to BOP indicating that he completed a Calisthenics Fitness course.  However, this course is not identified as a PA or EBRR program.  *See* Ex. C.  In any event, Mr. Cohen did not have a need in the area of fitness.

16.  I understand that Mr. Cohen alleges he completed 500 hours of work at the Water Treatment and Pipe Shop H.V.A.C. However, Mr. Cohen did not have a need in the area of work.

17.  Mr. Cohen has a 36-month sentence with a Good Conduct Time Release date of November 22, 2021, with 3 years of supervised release to follow. The Second Chance Act allows for eligible inmates to be considered for up to twelve months or Residential Reentry Center ("RRC") placement, with the final 10% or 6 months of which can be served on Home Confinement (if eligibility requirements are met). Mr. Cohen would have been eligible for consideration if he had met all of the criteria outlined in the Second Chance Act for RRC placement in November 2020.

18.  Mr. Cohen was released on furlough on May 21, 2020. He returned to FCI Otisville on July 9, 2020. He was placed on Home Confinement through the Residential Reentry Center on July 24, 2020. His current status is Home Confinement.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: Otisville, New York
       March 15, 2021

NICOLE GULLIVER
Case Manager
FCI Otisville