

David McCraw
Senior Vice President &
Deputy General Counsel

T 212 556 4031

mccraw@nytimes.com

620 8th Avenue
New York, NY 10018
nytimes.com

March 17, 2021

**BY ECF**

Hon. John G. Koeltl
United States District Judge
Daniel Patrick Moynihan Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:   *Cohen v. United States* (20-cv-10833) Access to Filings

Dear Judge Koeltl:

I write on behalf of The New York Times Company ("The Times") to seek the unsealing of the filings in the above-referenced action. Both the First Amendment and federal common law set stringent standards that must be met before the public's right of access to judicial records can be denied.[1] We see nothing on the record to suggest that the standards for sealing have been met in this case, in which every significant filing is restricted from public access.

The constitutional right applies to any court documents or proceedings where (i) there has been a history of access and (ii) public oversight logically plays a beneficial role in the administration of justice—the so-called "experience and logic" test. *See Press-Enterprise Co. v. Superior Court of California*, 478 U.S. 1, 8–9 (1986); *see also Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 92 (2d Cir. 2004). Habeas proceedings have been found to be subject to the First Amendment right. *In re Guantanamo Bay Detainee Litig.*, 630 F Supp 2d 1, 9 (D.D.C. 2009);

---

[1] The right of access is an affirmative, enforceable public right, and the standing of the press to enforce it is well settled. *See, e.g., Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 609 n.25 (1982); *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91 (2d Cir. 2004).

*Stephanski v Goord*, 2005 U.S. Dist. LEXIS 5509, at *2–3 (W.D.N.Y. Mar. 29, 2005); *but see Dhiab v. Trump*, 852 F.3d 1087 (D.C. Cir. 2019) (court fails to agree on whether First Amendment right applies to habeas proceeding involving national security).

The scope of the First Amendment right of access is now well established through a series of Supreme Court decisions, beginning with *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555 (1980), and subsequent decisions of the Second Circuit. *See, e.g., Lugosch v. Pyramid Co*., 435 F.3d 110, 120 (2d Cir. 2006). The access right applies to both proceedings and the documents that are part of the proceedings. *In re New York Times Co*., 828 F.2d 110, 114 (2d Cir. 1987). While the right of access is presumptive, the presumption can be overcome only if a party demonstrates that:

1. There exists a "substantial probability" that unsealing will cause harm to a compelling governmental interest;

2. There exists no reasonable alternative to adequately protect the threatened interest;

3. Any denial of access is narrowly tailored to serve that interest; and

4. A denial of access would prevent the harm sought to be avoided.

*Press-Enterprise Co.*, 478 U.S. at 13–14; *see also United States v. Doe*, 629 F. App'x. 69, 72 (2d Cir. 2015) (summary order). Further, the court must make "specific, on the record findings" supporting the denial of access. *Press-Enterprise Co.*, 478 U.S. at 13; *accord Lugosch*, 435 F.3d at 120.

Nothing in the record indicates that either party has made the high showing required to seal the record before the Court. Nothing suggests that the case involves national security or any other interest that might be sufficient to warrant sealing of some part of the record.

A presumption of access also arises at common law and applies to habeas proceedings. *Stephanski*, 2005 U.S. Dist. LEXIS 5509, at *2–3*; see also Dhiabp*, 852 F.3d at 1098 (finding that common law right is overcome under the facts of national security habeas case).

Every "judicial document" is subject to a presumption of access. *Lugosch*, 435 F.3d at 119 (defining "judicial document" as any material presented to the court "relevant to the performance of the judicial function and useful in the judicial process") (citation and internal marks omitted). The weight of that presumption turns on the nature of the specific document at issue, taking into account "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* (citation and internal marks omitted). Once the court has determined the weight of that presumption, it must then balance the value of public disclosure against "countervailing factors." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 143 (2d Cir. 2016).

The presumption of access is at its peak when documents contribute materially to the Article III powers of the court—that is, to the rendering of verdicts and orders affecting "substantive legal rights." *Lugosch*, 435 F.3d at 121. At the other end of the spectrum are documents that play a "negligible role in the performance of Article III duties," like those solely before the court to resolve a discovery dispute. *Id.* Here, where the sealed material goes to the heart of the claim before the Court and the Government's response to that claim, the presumption is at its apex. Neither party has proposed on the record that there is any interest of any sort to overcome the presumption.

Accordingly, we ask that the filings in this case be unsealed. We thank the Court for its consideration of this matter.

Respectfully submitted,

*David McCraw*

David E. McCraw

cc:   Michael Cohen (by email)
      Allison Rovner (by email)