

21st Floor
1251 Avenue of the Americas
New York, NY  10020-1104

**Rachel Strom**
rachelstrom@dwt.com
**Nimra H. Azmi**
nimraazmi@dwt.com

212-489-8230 tel
212-489-8340 fax

March 18, 2021

**VIA ECF & U.S. MAIL**

Hon. John G. Koeltl
United States District Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007-1312

  Re: <u>Cohen v. United States,</u> 20-cv-10833 – Request to Unseal Materials

Dear Judge Koeltl:

  This firm writes on behalf of various news organizations, specifically American Broadcasting Companies, Inc., the Associated Press, Cable News Network, Inc., Daily News, L.P., Dow Jones & Company, Inc. (the publisher of *The Wall Street Journal*, MarketWatch and *Barron's*), Newsday LLC, NYP Holdings, Inc. (the publisher of the *New York Post*) and the Washington Post (collectively, the "News Organizations"). We write to join in the March 17, 2021 request of The New York Times Company ("The Times") for an order, pursuant to the First Amendment and common law rights of public access, unsealing the documents in the above-captioned matter, which relate to Petitioner Michael Cohen's habeas petition under 28 U.S.C. § 2241 challenging the Bureau of Prison's refusal to grant him sentence credit.

  Given the undeniable public interest in the criminal sentence for the personal lawyer of the former President of the United States – a sentence handed out after a guilty plea for, among other things, campaign finance violations in the weeks before the 2016 Presidential election – the materials in this action cannot remain sealed absent extraordinary circumstances. Yet, to date, all submissions by Mr. Cohen and the Department of Justice appear to be fully sealed from public view without any on the record justification for this wholesale sealing.

  As set forth in The Times' letter, the First Amendment and the common law protect the right to access court documents and records, including those, like here, related to habeas proceedings. *See* Dkt. No. 17 (The Times' letter, citing cases); *see also Thomas v. Colvin*, 2015 WL 4240721, at *3 (S.D.N.Y. July 13, 2015) (finding that "State-court records in federal habeas corpus proceedings have been open to the public historically, and without them, 'the public could have no confidence in the conscientiousness, reasonableness, or honesty of judicial proceedings.'"). As The Times also noted, overcoming these well-established presumptions of access under either the First Amendment or common law requires clearing an exceedingly high bar, which must be detailed in "specific on the record findings." Dkt. No. 17 (citing cases). *See also United States v. LeRoux*, No. 14-CR-75 (RA), 2020 WL 3051261, at *1

Anchorage | New York | Seattle
Bellevue | Portland | Shanghai
Los Angeles | San Francisco | Washington, D.C.

www.dwt.com

Hon. John G. Koeltl
March 18, 2021
Page 2

(S.D.N.Y. June 8, 2020) ("The qualified First Amendment right of access should be abridged only where there is a higher value or compelling interest that will be significantly harmed by public access and the sealing is narrowly tailored to protect that interest."); *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 142 (2d Cir. 2016) (where judicial records are used to "determine litigants' substantive legal rights, the [common law] presumption of access is at its zenith" and "can be overcome only by extraordinary circumstances") (cleaned up).

  Nevertheless, the record in this action does not indicate that either party has made this requisite high showing. Nor does the subject matter of the case—a habeas action regarding sentence credit for one of the most high profile cases of our time—suggest that this would even be possible. Notably, this is not the first proceeding involving Mr. Cohen in which he and the government have sought to shield information from public view. In *United States v. Cohen*, the government sealed documents related to FBI searches of Mr. Cohen conducted in connection with a grand jury investigation. There, like here, the press intervened – seeking access to the sealed materials. In determining that much of the requested information needed to be unsealed, Judge Pauley observed that "the constitutional right of access is rooted in preventing arbitrary government interference with the public's access to information about governmental affairs." 366 F. Supp. 3d 612, 630 (S.D.N.Y. 2019) (internal citations omitted). Here, preventing the public from gaining access to information about Mr. Cohen's sentencing – a case of the utmost public concern – would be just the sort of arbitrary government interference that the right of access is designed to prevent.[1]

  For these reasons, and those set forth in The Times' March 17, 2021 letter, the News Organizations respectfully request that the materials in this action be released to the public. The News Organizations further request that they be given an opportunity to reply to any submissions by the Government and/or Mr. Cohen in opposition and to otherwise be heard.

             Respectfully submitted,

             */s/ Rachel Strom*
             Rachel Strom
             Nimra H. Azmi

cc: Attorneys of Record and Mr. Cohen (via ECF and mail, respectively)

---

[1] To the extent that any documents contain confidential material, wholesale sealing of the docket is not merited. *See N.M.I. v. Sadowski*, No. 15-CV-00856 JBW MDG, 2015 WL 1198381, at *1 (E.D.N.Y. Mar. 16, 2015) ("[a] blanket sealing order…would rarely, if ever, be appropriate") (internal quotations omitted). Rather, where necessary, redactions can be utilized to strike "an appropriate balance between the strong presumption of public access" and any countervailing interests the government or Mr. Cohen may identify. *See Cohen*, 366 F. Supp. 3d at 623.